FILED

10/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0587

# SYNOPSIS OF THE CASE[1]

**2023 MT 193, OP 22-0587:** **MELISSA GROO,** Petitioner, **v. MONTANA ELEVENTH JUDICIAL DISTRICT COURT, HON. AMY EDDY, Presiding,** Respondent.

For the first time, the Montana Supreme Court has addressed the question of whether social media communications, that were posted out-of-state by an out-of-state resident and sent to a nationwide audience, can be subject to a legal challenge in Montana state courts.

In a 4-3 decision, the Court held that state courts do have jurisdiction under the alleged facts of this case.

Triple D Game Farm is a wildlife photography farm that operates in Flathead County, Montana. Melissa Groo is a resident of the state of New York and an expert in the field of wildlife photography ethics. In 2020, she made several postings on Facebook that were highly critical of Triple D, its owners, and its business practices, urging people to boycott the business and cancel existing contracts.

Triple D alleges that Groo's social media posts had a detrimental impact on its business in Montana. It filed a lawsuit in state court alleging Groo engaged in tortious interference with contractual and prospective business operations.

Groo filed a motion to dismiss the case, arguing Montana courts do not have personal jurisdiction over her, a New York resident, who made her social media post in New York. The District Court in Flathead County denied the motion to dismiss and ruled that Montana has jurisdiction over Groo in this proceeding.

The majority of the Supreme Court agreed, holding that Groo's posts were directed into Montana towards Montana residents and those doing business in Montana with Triple D, and urged a Montana audience not to do business with Triple D. As such, her social media posts, while conducted in New York, satisfied the legal requirements to invoke jurisdiction in the Montana courts.

The three dissenting members of the Court contend Montana does not have personal jurisdiction over Groo. They note that Groo is not a Montana resident and does not do business in Montana. The social media posts, directed at a national audience, were insufficient for Montana courts to exercise personal jurisdiction. Specifically, the Dissent emphasizes that the social media posts do not arise from the type of conduct enumerated in Montana's "long arm" statute that would provide authority for state court jurisdiction, nor does exercising jurisdiction comport with Groo's rights to due process.

The case now returns to the District Court in Flathead County for a determination of the merits of Triple D's claims.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.